GIOVANNI *v.* BORDEN'S FARM PRODUCTS COMPANY OF MICHIGAN.

PAYMENT — ASSUMPSIT — OVERPAYMENT OF ACCOUNT — FINDING BY JURY ON SPECIAL QUESTION.

In action of assumpsit for claimed overpayment of account for dairy products, physical circumstances *held,* such as to render conclusive finding by jury on special question that payment was made by plaintiff as claimed; the case being so dependent upon oral testimony that the credibility of witnesses is an important factor.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 21, 1937. (Docket No. 154, Calendar No. 39,481.) Decided June 7, 1937.

Assumpsit by Jack Giovanni against Borden's Farm Products Company of Michigan, a Delaware corporation, for return of overpayment on account. Verdict on special question and judgment for plaintiff. Defendant appeals. Affirmed.

*Emil W. Colombo,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (Charles W. Bishop,* of counsel), for defendant.

FEAD, C. J. Plaintiff had judgment for return of an overpayment on account. The only question presented is whether the judgment was against the overwhelming weight of the evidence.

Plaintiff, a retail milk dealer, bought his products from defendant. On June 30, 1931 he owed it $1,419.05. He claims he paid the whole amount July 9th by check for $500 and the balance in cash. Defendant gave him credit for only $500.

Plaintiff's claim is that he lost the receipt for the payment; defendant made demand on him in July for $1,000 of notes; he protested executing the notes because he had paid the account; defendant refused to correct the account without production of the receipt; he feared he could not obtain milk, except from defendant, to carry on the business in which he had been engaged for many years; so he executed the notes for $1,000 and afterwards paid them; some two years later he found the receipt, defendant's manager acknowledged it to him as a payment but refused to make adjustment. In addition, plaintiff produced a witness who testified to having paid him $750 on a note on July 9th and his wife explained the loss of the receipt. The receipt was in a form of a statement of account for June 30th, was stamped

paid July, 1931, but without date of the month, and was genuine.

Defendant's agents do not deny that plaintiff made the claim of payment and their refusal to readjust but rely upon their books which they claim to be correct. They explain that in the course of business the receipted account for June 30th would have been delivered to plaintiff when he had made sufficient payments, it being the practice to credit all payments on the oldest account; and that at various times during July plaintiff made cash payments to the amount of the June account as shown by the books but also received enough other goods to more than cover the notes.

The jury, in answer to a special question, found that plaintiff had made the payment of July 9th as claimed by him. The court denied a motion for new trial, holding that the case presented a question for the jury. It cannot be said that the physical circumstances are conclusive upon the claims of the parties. The case is so dependent upon oral testimony that the credibility of the witnesses is an important factor. Consequently we think the issue was a fair one for the jury.

Affirmed, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.